IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILLIAM DÍAZ-RODRÍGUEZ,

    **Petitioner,**

        **v.**

UNITED STATES OF AMERICA,

    **Respondent.**

**Civil No.** 21-1316 (FAB)
related to
**Criminal No.** 17-622 [6] (FAB)

## OPINION AND ORDER

BESOSA, Senior District Judge.

Before the Court is petitioner William Díaz-Rodríguez ("Díaz")'s *pro se* motion to vacate his judgment in Criminal Case No. 17-662 pursuant to Title 28 U.S.C. § 2255 ("section 2255"). (Civil Docket No. 1.)  For the reasons set forth below, Díaz's petition is **DENIED.**

## I.  Background

On December 3, 2019, Díaz pled guilty to conspiracy to possess with intent to distribute at least 3.5 but less than 5 kilograms of cocaine.  (Criminal Docket No. 2288.)  Díaz was a member and leader of a local gang called "Los Menores" which controlled drug trafficking activities in Bayamón and the San Juan metro area. (Criminal Docket No. 3 at 8.)  According to the indictment, Díaz controlled and supervised drug points that sold marijuana and powder cocaine located at Villa Olga and El Volcán wards.  Id.

During plea negotiations Díaz accepted a two-level aggravating role enhancement, a two-level enhancement because the offense was committed within a protected location, a two-level enhancement for the possession of a dangerous weapon, and a three-level reduction for acceptance of responsibility, for a total offense level of 32. (Criminal Docket No. 2288 at 5.) Díaz also agreed to waive his right to appeal any aspect of the judgement if the Court sentenced him to 151 months or less. Id. At sentencing, the government argued for a sentence of 144 months which the Court granted. (Criminal Docket No. 3225.) Díaz received an adjustment of 57 months for time served for a total sentence of 87 months. Id. At sentencing the Court reminded Díaz that he had entered into a plea agreement and had waived his right to appeal. Id. The Court also informed Díaz that should he wish to proceed with an appeal anyway he must file a notice of appeal within 14 days of the date judgement was entered. Id. The Court told Díaz that if he wished to appeal, the Clerk of the Court would prepare and file a notice of appeal on his behalf. Id. Díaz did not appeal.

On July 1, 2021, Díaz filed his section 2255 petition alleging that his Fifth Amendment right to due process and his Sixth Amendment rights to effective assistance of counsel were violated. (Docket No. 1.) On November 12, 2021, the United States responded and on November 23, 2021, Díaz filed a reply and a motion that

included supplemental pleadings and additional evidence to support

**his original section 2255 petition.   (Docket Nos. 13, 19.)**

**II.  Legal Standard**

A person may move to vacate his or her sentence pursuant to
section 2255 on one of four different grounds:   (1) "that the
sentence was imposed in violation of the Constitution or laws of
the United States"; (2) "that the court was without jurisdiction"
to impose its sentence; (3) "that the sentence was in excess of
the maximum authorized by law"; or (4) that the sentence "is
otherwise subject to collateral attack."  28 U.S.C. § 2255(a); see
Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994).  The
burden is on the section 2255 petitioner to establish by a
preponderance of the evidence that he or she is entitled to section
2255 relief.  David v. United States, 134 F.3d 470, 474 (1st Cir.
1998); United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978).

When "a petition for federal habeas relief is presented to
the judge who presided at the petitioner's trial, the judge is at
liberty to employ the knowledge gleaned during previous
proceedings and make findings based thereon without convening an
additional hearing."  United States v. McGill, 11 F.3d 223, 225
(1st Cir. 1993).  "Evidentiary hearings on § 2255 petitions are
the exception, not the norm, and there is a heavy burden on the
petitioner to demonstrate that an evidentiary hearing is

Civil No. 21-1316 (FAB)                                                4

warranted.    An  evidentiary  hearing  is  not  necessary  when  a
[section]  2255  petition  (1)  is  inadequate  on  its  face,  or
(2)  although  facially  adequate,  is  conclusively  refuted  as  to  the
alleged  facts  by  the  files  and  records  of  the  case."  Moreno-
Morales  v.  United  States,  334  F.3d  140,  145  (1st  Cir.  2003)
(citation omitted).

Section  2255  petitions  are  subject  to  a  strict  one-year  time
limit  that  runs  from  the  date  in  which  the  judgement  of  a
conviction  becomes  final.   Clay  v.  United  States,  537  U.S.  522
(2003).   This  statue  of  limitations  applies  on  a  claim-by-claim
basis  which  means  any  supplemental  motions  filed  after  the  time
limit  has  expired  cannot  raise  new  claims  for  the  Court  to
consider.   Capozzi  v.  United  States,  768  F.3d  32,  33  (1st  Cir.
2014).   The  strictness  on  timing  under  § 2255  requires  petitioners
to  be  clear  in  the  district  court  when  they  are  relying  on  the
provisions  of  28  U.S.C.  § 2255(f)(3)  and  making  an  independent
claim.   Ramos-Martínez  v.  United  States,  638  F.3d  315,  325  (1st
Cir.  2011)  ("A  habeas  petitioner  has  the  burden  of  adducing  facts
sufficient  to  show  both  that  his  petition  should  be  treated  as
timely  and  that  he  is  entitled  to  relief.")

**III. Discussion**

Díaz  filed  a  section  2255  motion  (Civil  Docket  No.  1)  as  well
as  a  reply  and  supplemental  motion  (Civil  Docket  No.  19)  where  he

expands on the claims set forth in his initial petition. Díaz primarily argues that he received ineffective assistance of counsel though he also includes claims of a *Brady* violation by the government. (Civil Docket No. 1.) Díaz believes his counsel was ineffective because he failed to file an appeal, did not object to a two-level firearm enhancement included in the plea bargain, failed to file a motion to dismiss the indictment, and generally failed to investigate and "act as an advocate." Id. In his supplemental motion, Díaz specifies that his ineffective assistance of counsel claim relates to the improper application of a two-level enhancement for firearms possession in his plea agreement. (Civil Docket No. 19); see also (Criminal Docket No. 2288 at 5.) Díaz claims that his co-defendants were given a choice between the two-level firearms enhancement or a three-level leadership enhancement. Id. Had his attorney not been ineffective, Díaz argues, he would have chosen the three-level leadership enhancement which would have allowed him to take a 500-hour drug course and receive a one-year reduction in his sentence upon completion. Id. at 3.

The United States responded to Díaz' petition on November 3, 2021, (Civil Docket No. 13) and to his supplemental motion on June 9, 2023. (Civil Docket No. 30.) In its reply to his section 2255 petition, the government argued; (1) that Díaz had failed to

meet his burden and show that his counsel was ineffective, (2) his challenges to his guilty plea were procedurally defective and likewise lacked details necessary to prove his claim, (3) that there was no evidence of a *Brady* violation, and (4) that a number of claims made in the 2255 petition without any argumentation were waived. (Civil Docket No. 13.) The government further argued in its response to Díaz supplemental petition that his firearm enhancement claim was procedurally deficient, but that in any event, it constituted a new claim that was barred by section 2255's statute of limitations. (Civil Docket No. 30.)

**A.    *Brady* and Voluntary Guilty Plea Claims**

Petitioner makes two claims in his initial petition that are without merit. First, Díaz makes the claim that his guilty plea was not voluntary because he was not aware at the time that the government had to prove he was a known felon pursuant to 18 U.S.C. § 992(g) in order to secure a conviction. (Civil Docket No. 1 at 7.) Second, Díaz believes the government violated *Brady* when it failed to disclose that his previous felon in possession case was going to be considered relevant conduct and would serve to enhance his sentence. Id. at 8.

Díaz first claim fails because it was not brought up on appeal. "The voluntariness of a guilty plea can be questioned on collateral review under 28 U.S.C. § 2255 only if, and to the extent

that, the plea has been challenged on direct appeal." <u>Oakes v.</u>
<u>United States</u>, 400 F.3d 92, 95 (1st Cir. 2005) (citing <u>Bousley v.</u>
<u>United States</u>, 523 U.S. 614, 621 (1998)).  If petitioner had been
able to show, that but for ineffective assistance of counsel, he
would have appealed the voluntariness of his guilty plea, then
this claim would warrant further discussion.  <u>Id.</u>  As discussed
below, however, Díaz is unable to show that he failed to file an
appeal as a consequence of ineffective representation.

        Díaz's *Brady* claim similarly fails because the
petitioner has not met his burden.  As the government correctly
notes, the petitioner's plea agreement provided that "criminal
cases 14-626 (PAD) and 2009CF011643 GO are relevant conduct."
(Criminal Docket No. 2288, at 6.)  Díaz further accepted the plea
agreement at his change of plea hearing.  (Criminal Docket No. 4723
at 17-18).  Without providing a compelling reason to disregard his
statements in Court and his signature on the plea agreement, Díaz
cannot meet his section 2255 burden on his *Brady* claim.  <u>United</u>
<u>States v. Pulido</u>, 566 F.3d 52, 59-60 (1st Cir. 2009).

    **B.    Statute of Limitations**

        It is undisputed that Díaz's original section 2255
petition was timely filed.  The government contends, however, that
Díaz's supplemental motion brought up new claims not previously
mentioned in his original petition, and therefore, because the

supplemental motion was filed more than a year after Díaz's conviction became final, these new claims should be dismissed as time barred.  (Civil Docket No. 30.)

"Otherwise untimely pleading amendments 'relate back' to the date of the timely-filed original pleading provided the claim asserted in the amended plea 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'"  Turner v. United States, 699 F.3d 578, 585 (1st Cir. 2012) (quoting Fed.R.Civ.P. 15(c)(2)) (additional quotations omitted).  The relation back provision in *habeas* petitions is strictly construed.  Id.  Thus, "amended habeas corpus claims generally must arise from the 'same core facts,' and not depend upon events which are separate both in time and type from the events upon which the original claims depended."  Id. (quoting Mayle v. Félix, 545 U.S. 644, 657 (2005)) (additional quotations omitted).  "[P]ro se habeas petitions, [however], normally should be construed liberally in petitioner's favor."  United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The government is correct that Díaz's supplemental motion includes new information not previously disclosed in the section 2255 petition.  Specifically, Díaz's allegation that his co-defendants were given the option between a two-level firearms

enhancement and a three-level leadership enhancement does not feature in his first petition. (Civil Docket No. 30 at 5.) This new information, however, piggybacks on Díaz's original claim that his counsel was defective for not arguing against the two-level enhancement. (Civil Docket No. 1 at 9.) The supplemental motion only expands on *how* the attorney should have challenged the two-level enhancement. Therefore, this claim does arise from the same core facts and appropriately relates back to the original section 2255 petition. See Turner 699 F.3d at 585. Furthermore, considering Díaz's status as a *pro se* litigant, the Court construes Díaz's supplemental motion liberally allowing for minor procedural error. Ciampi, 419 F.3d at 24.

### C.    Ineffective Assistance of Counsel Claims

In his original *pro se* petition the defendant made multiple ineffective assistance of counsel claims, some of them specific like his contention that counsel did not appropriately argue for the removal of a two-level firearms enhancement included in the plea deal, and some that are vague such as a "failure to act as an advocate." (Docket No. 1 at 9.) As the government correctly notes, the burden in a section 2255 claim lies with the petitioner. See David 134 F.3d at 474. In order to prevail, Díaz must do more "than proffer gauzy generalities or drop self-serving hints that a constitutional violation lurks in the wings." Id.

at 478.  Many of the petitioner's claims fall into this category
and therefore, cannot be properly evaluated.[1]  Díaz's does raise
two claims of ineffective assistance of counsel, however, that are
sufficiently specific to warrant discussion.  First, the
allegation that his attorney failed to appeal the sentence is
noteworthy because "A lawyer who disregards specific instructions
from the defendant to file a notice of appeal acts in a manner
that is professionally unreasonable."  Roe v. Flores-Ortega, 528
U.S. 470, 477-78 (2000).  The second claim that warrants discussion
is the allegation that Díaz's attorney failed to negotiate the
removal of the two-level firearms enhancement because Díaz
attaches evidence to back up his claims, including a sworn
statement where his previous attorney admits to providing
ineffective assistance of counsel.  (Docket No. 19 Ex. 4.)

    The Sixth Amendment grants criminal defendants the right
to effective assistance of counsel throughout criminal
proceedings.  The Supreme Court has held that to determine whether
a defendant received competent representation for purposes of the
Sixth Amendment, the court must examine trial counsel's
performance and determine whether counsel's deficient performance

---

[1] E.g.:  Claims that counsel "failed to investigate," "failed to file a
pre-trial motion to dismiss the indictment," "failed to act as an
advocate," etc.  (Civil Docket No. 1 at 10.)

deprived the defendant of a fair trial.  See Strickland v. Washington, 466 U.S. 668, 674 (1984).  Strickland established a two-step framework for evaluating ineffective assistance of counsel claims.  According to that framework:

> "First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, 466 U.S. at 687.

In other words, petitioner must show (1) that counsel's performance was deficient and (2) that he was prejudiced by the deficient performance.  To constitute deficient performance, counsel's actions must fall "below an objective standard of reasonableness." Strickland, 466 U.S. at 688.  The reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.  If deficient performance is demonstrated, a defendant must also satisfy the prejudice prong of the Strickland test by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  Furthermore, if counsel does not

"file a requested appeal, a defendant is 'entitled to [a new] appeal without a showing that his appeal likely would have had merit.'" Id. (quoting Peguero v. United States, 526 U.S. 23, 28 (1999)).

Díaz's claim that his counsel was ineffective for failing to file an appeal is specific enough to warrant discussion, but it lacks evidence for the petitioner to prevail. Díaz pled guilty, received the sentence bargained for in the plea agreement, voluntarily waived his right to appeal, was informed in open court that he had waived his right to appeal, was informed by the Court of the necessary step required to appeal in spite of his voluntary waiver of an appeal, and, by his own admission, was reminded by his attorney after sentencing that he had waived his right to appeal. See Criminal Docket Nos. 2288, 4723, 3225. Therefore, to argue his case persuasively, Díaz must provide the Court with some evidence to demonstrate that "but for counsel's deficient [performance], he would have timely appealed." Garza v. Idaho, 139 S. Ct. 738, 747 (2019). Indeed, Díaz's former attorney wrote a sworn statement admitting to ineffective assistance in the plea-bargaining stage, but notably did not make any mention of a failure to appeal Díaz's case. (Docket No. 19 Ex. 4.) The petitioner bears the burden to show that he told his attorney to file a notice of appeal in spite of the waiver and his attorney failed to do so.

Without more, Díaz's claim of ineffective assistance of counsel for failure to file an appeal must be denied.

Next, Díaz alleges that his lawyer failed to argue against the enhancement or propose an alternative three-level enhancement for leadership which was being offered to other defendants. (Docket No. 19 at 2.) Díaz provides the Court with a list of five defendants that allegedly received the three-level leadership enhancement instead of the two-level firearms enhancement.[2] While it is true that the defendants named by Díaz did not receive the two-level firearms enhancement, but did receive a leadership enhancement, this claim requires context.

The indictment in the underlying criminal case named Díaz and 103 co-conspirators. (Criminal Docket No. 3.) From its genesis, this was a massive case with numerous defendants that took part in the same criminal enterprise, but that were involved in different ways and at difference levels. Id. The indictment puts the defendants in five different categories; leaders, enforcers, suppliers, runners, and sellers, which correspond with the defendants' alleged role in the gang. Id. at 2. To evaluate Díaz's claim properly, the Court must treat likes alike to see if

---

[2] He lists the following: Alexie López-Robles, Jaime Martínez-Vargas, Joel Rosario-Martínez, and Andrés Báez-Rosario as examples of defendants who were given a choice between a two-level firearm or three-level leadership enhancement. Of these only Jaime Martínez-Vargas was listed in the indictment as a "leader" alongside Díaz. (Criminal Docket No. 3.)

the two-level firearm enhancement was really the product of ineffective assistance of counsel, as the defendant alleges.

Díaz was named as a leader in the indictment along with 21 of his co-defendants. Id. A review of all the leaders named in the indictment alongside Díaz shows that four of them received a three-level enhancement for being a supervisor and eight of them received the same two-level firearm enhancement as Díaz.[3] In fact, the two defendants most similarly situation to Díaz, Carlos Nazario-López and Roberto Ortiz-Toro, who were mentioned as working closely with Díaz, both received the same two-level firearm enhancement as the petitioner. (Criminal Docket Nos. 2962, 2710 at 5.) These facts undermine Díaz's claim that all his co-defendants were being offered a choice between the two-level firearms enhancement and the three-level leadership enhancement. Furthermore, should the Court determine that Díaz's attorney provided ineffective assistance of counsel on this ground, it would follow that the majority of Díaz's similarly situated co-defendants also received ineffective assistance from their counsel. An error of this magnitude is not only implausible, it runs directly counter to this Court's experience of the proceedings

---

[3] The remaining nine defendants named as leaders received heavier sentences than Díaz for their elevated roles in the conspiracy, but their plea bargains did not include either the two-level firearms enhancement nor the three level supervisory enhancement. See e.g. (Criminal Docket Nos. 2965, 2290, 4235, 3918, 2588, 2712.)

in the underlying criminal case.  See Strickland, 466 U.S. at 689.
(The reviewing court "must indulge a strong presumption that
counsel's conduct falls within the wide range of reasonable
professional assistance."); See also McGill, 11 F.3d at 225 (When
"a petition for federal habeas relief is presented to the judge
who presided at the petitioner's trial, the judge is at liberty to
employ the knowledge gleaned during previous proceedings and make
findings based thereon without convening an additional hearing.")

       While the sworn statement from Díaz's previous attorney
admitting to ineffective assistance of counsel is undoubtedly
compelling evidence, it rests on the assumption that the U.S.
attorney's office was allowing all co-defendants to chose between
a two-level firearm and three-level leadership enhancement
regardless of their role in the conspiracy.  Díaz's former attorney
explicitly states, "I later learned *from Díaz* . . . that the
Government was giving . . . defendants the option of choosing
between a 3-level leadership enhancement or the 2-level firearms
enhancement."  (Civil Docket No. 19 Ex. 4.) (emphasis added).  As
discussed above, the information regarding the choice between
enhancements is misleading because a review of the 103 plea deals
along with the indictment shows that a majority of Díaz's similarly
situated co-defendants received the same two-level firearms
enhancement.   Therefore, Díaz's previous attorney's sworn

Civil No. 21-1316 (FAB)                                                16

statement rests on an incorrect assumption and does not make his decisions "so patently unreasonable that no competent attorney would have made [them]." Vargas-De Jesús v. United States, 813 F.3d 414, 417-18 (1st Cir. 2016) (quoting Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006)).

## IV. Conclusion

For the above reasons petitioner's motion to vacate his conviction pursuant to section 2255 is **DENIED.** (Civil Docket No. 1.) Because he has not "made a substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2), no certificate of appealability shall be issued.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 30, 2024.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE
